ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| AIROLG, INC.<br><br>QUERELLANTE-<br>RECURRENTE<br><br>V.<br><br>JUNTA DE DIRECTORES<br>CONDOMINIO PLAZA<br>DEL PRADO<br><br>QUERELLADOS-<br>RECURRIDOS | KLRA202400580 | *REVISIÓN JUDICIAL*<br>procedente del<br>Departamento de<br>Asuntos al<br>Consumidor<br><br>Caso Núm.:<br>C-SAN-2018-0001770<br><br>Sobre:<br><br>Condominios |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

Comparece ante nos, AIROLG, Inc. (en adelante, "la parte recurrente"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación interlocutoria emitida y notificada el 13 de septiembre de 2024, por el Departamento de Asuntos del Consumidor (DACo). Mediante la referida determinación DACo ordenó la celebración de una vista. Todo, dentro de un pleito al amparo de la Ley de Condominios, Ley Núm. 104 de 25 de junio de 1958, según enmendada, 31 LPRA sec. 1291 et. seq, entablado en contra de la Junta de Directores del Condominio Plaza del Prado, (en lo sucesivo, "la parte recurrida").

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado.

**I.**

El presente caso tuvo su inicio el 22 de febrero de 2018. En la referida fecha la parte recurrente presentó una "*Querella.*" Mediante esta, dicha parte en calidad de titular de dos (2) apartamentos localizados en el

Condominio Plaza Prado impugnó la convocatoria de la asamblea celebrada el 24 de febrero de 2018. Ello así, por entender que la parte recurrida había violentado las disposiciones de la antigua Ley de Condominios, *supra*.

En respuesta, el 22 de marzo de 2018, la parte recurrida presentó una "*Contestación a la Querella.*" En esencia, negó las alegaciones principales entabladas en su contrato. Sostuvo, que la aludida asamblea se había celebrado conforme a derecho. Así las cosas, el 21 de mayo de 2018, las partes comparecieron a una vista.[1] Acto seguido, las partes presentaron unos memorandos de derecho. Posteriormente, el 20 de septiembre de 2018, la parte recurrida presentó una "*Moción Sometiendo Oferta de Resolución.*" En lo atinente, comunicó que estaría emitiendo una nueva convocatoria que cumpliera con las exigencias requeridas por ley. A su vez, peticionó que se decretara el cierre y archivo del caso, dado que, la controversia que motivo la "*Querella"* había advenido académica.

En atención de ello, el 25 de septiembre de 2018, DACo emitió una resolución interlocutoria. Mediante esta, ordenó a la parte recurrida dentro de un término de sesenta (60) días, que convocara una asamblea que cumpliera con los requisitos legales correspondientes para así poder atender los asuntos pendientes. No obstante, nada dispuso DACo en cuanto a la solicitud de cierre y archivo del caso.

Inconforme, el 15 de octubre de 2018, la parte recurrente presentó una "*Moción en Solicitud de Reconsideración.*" Luego de que transcurriera el término establecido para que DACo adjudicara dicha solicitud, el 29 de enero de 2019, la parte recurrente presentó ante nos un recurso de revisión judicial. Dicho recurso obtuvo la designación alfanumérica KLRA201800700. En atención al recurso presentado, el 29 de enero de 2019, este Foro emitió una "*Sentencia.*" Mediante esta, un panel hermano concluyó que la resolución del 25 de septiembre de 2018 carecía de determinaciones de hechos y conclusiones de derecho, que permitieran el

---

[1] Del expediente ante nos no surge la naturaleza de la referida vista.

ejercicio de nuestra función revisora. Ante ello, se revocó el dictamen recurrido y se devolvió el caso a DACo. Esto, a los fines de que la resolución final que en su día se emitiese estuviera acompañada determinaciones de hechos y conclusiones de derecho.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 3 de junio de 2021, DACo nuevamente emitió una resolución interlocutoria. En esta ocasión, a los efectos de señalar una "*vista administrativa*" para el 15 de julio de 2021. La referida resolución no indicó la naturaleza de la vista o las razones para su celebración. [2] Posteriormente, la parte recurrida notificó la prueba documental que utilizaría para dicha vista.

Sin embargo, el 14 de julio de 2021, la parte recurrente presentó una "*Moción en Solicitud de Cumplimiento con Mandato del Tribunal de Apelaciones.*" En síntesis, sostuvo que se debía cumplir con la "*Sentencia*" emitida por este Foro en el caso KLRA201800700. Según su entendimiento, mediante la referida "*Sentencia*" se privó de jurisdicción a DACo para celebrar vista alguna. Añadió, que únicamente se le permitió a DACo dictar una resolución con determinaciones de hecho y conclusiones de derecho. De otra parte, solicitó la adjudicación de los memorandos de costas presentados.

Así pues, el 15 de julio de 2021, DACo nuevamente adjudicó el asunto presentado mediante un dictamen interlocutorio. Este fue intitulado "*Notificación y Orden.*" A través del referido dictamen suspendió la vista señalada para ese mismo día; comunicó que dictaría una resolución según los criterios ordenados por este Tribunal; denegó el memorando de costas; y descalificó la representación legal de la parte recurrente. Inconforme, con la aludida resolución interlocutoria, el 30 de julio de 2021, la parte recurrente presentó una "*Solicitud de Reconsideración al Amparo de la*

---

[2] Conforme los dichos de la parte recurrente dada la ausencia de especificidad en cuanto a la naturaleza de la vista, se infirió que la vista sería una de "estatus de los asuntos pendientes." Véase, "*Moción en Solicitud de Cumplimiento con Mandato del Tribunal de Apelaciones*," presentada por la parte recurrente el 14 de julio de 2021; pág. 26-32 del "*Índice del Apéndice."*

*Regla 29.1 del Reglamento de Procedimientos Adjudicativos del DACo*" Dicha solicitud no fue atendida por DACo dentro del término de quince (15) días para ello.

Posteriormente, el 7 de septiembre de 2021, la parte recurrente presentó ante este Foro un recurso de revisión judicial. En esta ocasión, bajo la designación alfanumérica KLRA202100467. En atención a dicho recurso, el 29 de agosto de 2022, un panel hermano emitió una "*Sentencia.*" En lo atinente, este Tribunal únicamente resolvió en los méritos la descalificación de la representación legal de la parte recurrente. Para el resto de las controversias se declaró sin jurisdicción, dado que, el dictamen recurrido era de naturaleza interlocutoria y no uno final que se pudiera revisar.

Transcurridos cinco (5) años y siete (7) meses de la "*Sentencia*" del caso KLRA201800700, el 13 de septiembre de 2024, DACo notificó la resolución interlocutoria que nos ocupa. Esta se intituló "*Orden de Señalamiento de Vista Administrativa Mediante Videoconferencia.*" La referida vista fue inicialmente señalada para el 9 de octubre de 2024. Empero, a petición de la parte recurrida fue transferida para el 23 de octubre de 2024.

En desacuerdo con el señalamiento de vista, el 16 de septiembre de 2024, la parte recurrente presentó una "*Solicitud de Reconsideración al Amparo de la Regla 29.1 del Reglamento de Procedimientos Adjudicativos del DACo (Reglamento 8034) y en Solicitud de Cumplimiento con Mandato del Tribunal de Apelaciones.*" Expresó, que de la aludida resolución no se desprendía la naturaleza o razón de ser de la vista a celebrarse. No obstante, argumentó que se podía inferir que la vista sería de naturaleza evidenciara. Sostuvo su posición bajo el fundamento de que la resolución establecía: a) los procedimientos relativos a la documentación y evidencia a someterse; b) la forma de atenderse la prueba pericial de conformidad con la Regla 20.6 del Reglamento 8034; y la advertencia sobre la observación de las formalidades aplicables al proceso adjudicativo.

De otra parte, reiteró sus planteamientos sobre que DACo carecía de jurisdicción para celebrar vista alguna conforme lo resuelto por este Tribunal en el caso KLRA201800700. Sobre el particular, sostuvo que DACo solo tenía autoridad para emitir una resolución con determinaciones de hechos y conclusiones de derecho. Por lo cual, solicitó a DACo que reconsiderara la "*Orden de Señalamiento de Vista Administrativa Mediante Videoconferencia*."

Transcurrido el término de quince (15) días para que DACo tomase alguna determinación sobre la referida reconsideración, el 18 de octubre de 2024, la parte recurrente compareció ante nos. Ello, mediante un recurso de revisión judicial y una "*Moción Urgente en Auxilio de Jurisdicción*." Mediante esta última, peticionó que paralizáramos los procedimientos pendientes ante DACo hasta que dispusiéramos del recurso de revisión judicial. En cuanto a dicho recurso, la parte recurrente incluyó en el mismo el siguiente señalamiento de error:

> **Erró el DACO al dictar la Notificación y Orden señalando una Vista Administrativa habiendo un Mandato de este Tribunal para que dicte Resolución con determinaciones de hechos y conclusiones de derecho**.

Así las cosas, en la misma fecha de 18 de octubre de 2024, emitimos una "*Resolución*." Mediante esta, le concedimos a la parte recurrida un término a vencer el 21 de octubre de 2024 para que se expresara con relación a la "*Moción Urgente en Auxilio de Jurisdicción*." La referida parte no compareció en el término concedido. Por lo que dispondremos del asunto sin el beneficio de su comparecencia.

**II.**

### A.    *Jurisdicción*

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subasta de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v.*

*Hermanos Pérez*, 186 DPR 239, 249 (2012); *SLG Solá-Morena v. Bengoa Becerra*, 182 DPR 675, 682 (2011). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

**B.     *Recurso de revisión judicial***

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante nuestra consideración mediante un recurso de revisión judicial. Art. 4.001-4.002, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 2003, Ley 201-2003, según enmendada. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramitará de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et. seq., y con nuestro Reglamento.

En lo aquí pertinente, la sección 4.2 de la LPAUG establece lo siguiente:

> Una parte adversamente afectada por una **orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro). 3 LPRA sec. 9672.

En la misma línea, en el Reglamento de este Tribunal se dispone lo siguiente: "El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final del organismo o agencia**." 4 LPRA Ap. XXII-B, R. 57. (Énfasis nuestro).

Conforme lo anterior, nuestro Tribunal Supremo ha definido que la orden o resolución final "es aquella que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes." A.R.Pe *v. Coordinadora,* 165 DPR 850, 867 (2005). Por ello, nuestro Más Alto Foro ha pronunciado que "los tribunales se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija esa entidad resuelva la controversia en su totalidad." *Íd.* En otras palabras, "nuestro sistema de derecho administrativo sujeta la aplicación del [recurso de revisión judicial] a la existencia de una actuación agencial final que adjudique los derechos y las obligaciones de las partes." *Crespo Claudio v. O.E.G.*, 173 DPR 804, 814 (2008). Ante ello, las decisiones administrativas que no cumplen con el criterio de finalidad de ordinario no son revisables. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64. La razón de ello estriba en que los procedimientos administrativos se deben efectuar de una forma rápida, justa y económica. *Íd.* Así pues, las decisiones interlocutorias de una agencia no son directamente revisables. *Íd.*

### III.

En el presente caso, la parte recurrente solicita que revisemos los méritos de una resolución interlocutoria intitulada "*Orden de Señalamiento de Vista Administrativa Mediante Videoconferencia*." Fundamenta su posición, bajo el planteamiento de que DACo carece de autoridad para señalar vista alguna o realizar cualquier trámite procesal que no sea emitir una resolución final. Ello, a tenor con lo resuelto por este Tribunal en el caso KLRA201800700.

Conforme esbozamos, una de las características principales de los foros administrativos es la agilidad y economía de sus procedimientos. Por lo cual, las resoluciones interlocutorias no son directamente revisables. Esto, debido a que dichas resoluciones son dictámenes parciales que adjudican algún derecho, obligación o disponen de un asunto meramente procesal. Entiéndase, no ponen fin a la totalidad de las controversias

existentes. En vista de ello, es norma conocida que solo revisaremos las resoluciones finales de las agencias administrativas. De esta manera, no se altera la referida economía procesal que caracteriza este tipo de procedimientos, a través de los cuales la culminación definitiva de las controversias se debe promover de una manera flexible y rápida. La "*Orden de Señalamiento de Vista Administrativa Mediante Videoconferencia*" es una resolución interlocutoria que versa sobre un asunto procesal que no concluye en su totalidad las controversias pendientes. Por consiguiente, carecemos de autoridad para revisar sus méritos.

Ante ello, *desestimamos* el recurso presentado y declaramos *No Ha Lugar* la "*Moción Urgente en Auxilio de Jurisdicción*."

**IV.**

Por los fundamentos expuestos, *desestimamos* el recurso de revisión judicial y declaramos *No Ha Lugar* la "*Moción Urgente en Auxilio de Jurisdicción*."

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones